IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| LARRY E. EALY, | : | |
| Plaintiff, | : | Case No. 3:08CV0194 |
| vs. | : | District Judge Walter Herbert Rice |
| | | Magistrate Judge Sharon L. Ovington |
| PAUL FOSTER, *et al.,* | : | |
| Defendants. | : | |
| | : | |

## REPORT AND RECOMMENDATIONS[1]

### I.    INTRODUCTION

Plaintiff Larry E. Ealy brings this case *pro se* under 42 U.S.C. §1983 claiming that the named defendants violated his rights under the United States Constitution.  Ealy's Complaint lists the following Defendants:  Paul Foster of Maynard Transmission; Presiding Judge John Kessler of Montgomery County; and Judges Mary E. Donovan, Thomas J. Grady, and George M. Glasser of the Second District Court of Appeals.

The Court previously granted Plaintiff's Application to Proceed *in forma pauperis* ("IFP") under 28 U.S.C. §1915.  This case is presently before the Court for a *sua sponte* review to determine whether Plaintiff's Complaint, or any portion of it, should be

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a named defendant who is immune from such relief.  If the Complaint suffers from one or more of these deficiencies, it must be dismissed under 28 U.S.C. §1915(e)(2)(B).

## II.     EALY'S COMPLAINT

Ealy claims that Paul Foster failed to properly repair the transmission in his car, that Foster charged him twice for the same repair work, and that Foster refused to refund $17,000 to Ealy even though Foster's repair work was not completed under warranty guidelines.  (Doc. #1 at 2).  Ealy unsuccessfully sought relief in the state court.  He explains:

> What brings the Plaintiff to this US District Court seeking State Relief and a State Court of Rights is the fact that The State Court in Montgomery County and State appeals Court has deprived Plaintiff a Black citizen of his Constitutional Rights without Due Process of Law by denial of his claim.
>
> The State Court Presiding Judge John Kessler and the Second District Court of Appeals Judges, has deprived the Plaintiff of his Constitutional Rights without Due Process of law by issuing a false and unwarranted ruling in this attempting to title him as a vexatious litigator under Ohio Statute 2323.52....

(Doc. #1 at 3)(citation omitted).

Plaintiff claims that the "State Court of Common Pleas has and continues to use this ruling under [Ohio Rev. Code §]2923.52 as a coverup to prevent their underlying racial discrimination from being exposed while denying Plaintiff his State Court of Rights."  *Id*. at 4.  He maintains that both the Court of Common Pleas and the Ohio Court

2

of Appeals lacked jurisdiction to rule he was a vexatious litigation "keeping him from his freedom of speech and due process of law." *Id*. at 5. He further alleges:

> The records reflect in great detail that the Plaintiff has been falsely charged with the vexatious litigation act due to the fact that he defeated several false arrests and was shown to ha[ve] been maliciously prosecuted by the State of Ohio and City of Dayton all done since his assault and battery in 1990.
>
> The assault having occurred in the city of Dayton Court is the underlying reason for the denial in the State Courts of all pending cases showing the intent here to deprive the Plaintiff in Ohio Courts....

*Id*. at 5 (citation omission). Ealy states that his federal lawsuit concerning the underlying incident "ended very wrong according to the United States Constitution...." *Id*. And he asserts, "Since then [1994] the Plaintiff has been harassed by the State Officials in Ohio for pursuing Equality in the State of Ohio for the original assault and battery.... The Plaintiff has been denied of legitimate claims secured by 42 U.S.C. §1983." *Id*. at 6 (citations omitted).

Returning next to his state-court case against Foster, Ealy alleges that the transmission shop used warn out partes and the Court of Appeals has knowingly ... made a big mistake by ruling the Plaintiff a vexatious litigator for the State after they were defeated in a court of competent jurisdiction before visiting Judge Larry Moore in case No. 2003CRB9655/9585." *Id*. at 6. Plaintiff identifies other Ohio cases where he was apparently deemed to be a vexatious litigator based on false charges against him, and he states that he was "barred out of the City Building by the Dayton Municipal Court and the Court of Appeals for Montgomery County on March 2, 2004 for telling the Commission

that the White Police Officer involved in the Plaintiff assault used the word N_ _ _ _r on him." *Id*. at 8.

According to Plaintiff, "The entire State Judicial Proceedings in 9655/9585 for the last 7 years was an ongoing State malicious prosecution designed to harass the Plaintiff and deprive him of his Federal and State Rights of Speech into the future because the Judges simply have authority to good or evil in this case but Judges are not above the Law.  Individuals in the United States have a presumptive First Amendment right of access to court proceedings....  The reason for Ealy's denial and exclusion of his claim [presumably, his claim against Foster] is not articulated in the court opinion other than him being ruled a vexatious litigator because its obvious ... why they put it there thus keeping from ruling on the merits and slandering his good name showing abuse of authority." *Id*. at 8-9.  He provides further details about actions in state court relating to the decisions finding him to be a vexatious litigator. *Id*. at 7-12.

Ealy concludes:

> **Wherefore:** the Plaintiff request that he be returned al[l] the monies used for repair of his vehicle and any expense and inconvenience that he has incurred due to the knowingly acts of the Defendant using worn out parts to complete the job....

*Id*. at 12.

Ealy has also attached to his Complaint various documents relating to his proceedings in the Ohio courts.  One document is a Decision and Final Judgment Entry issued by Judges Thomas J. Grady, Mary E. Donovan, and George M. Glasser of the Ohio

4

Court of Appeals, Second Appellate District. The Decision states in pertinent part:

> Larry E. Ealy, a vexatious litigator, has appealed from a judgment of the Montgomery County Court of Common Pleas, which denied Ealy leave to file a small claims complaint. For the following reasons, we sua sponte dismiss Ealy's appeal.
>
> On December 5, 2006, the common please court declared Ealy a vexatious litigator under R.C. 2323.52. *Ealy v. McLin*, Montgomery Case No. 2005-CV-6344. As a result, the trial court entered an order prohibiting Ealy from instituting or maintaining legal proceedings in a court of claims, court of common pleas, municipal court, or county court without obtaining leave to proceed as set forth in the statute. On August 3, 2007, we affirmed the trial court's judgment declaring Ealy to be a vexatious litigator. *Ealy v. McLin*, Montgomery App. No. 21934, 2007-Ohio-4080.
>
> On March 8, 2007, Ealy sought leave to file a complaint against Paul Foster and Maynard Transmission Company in the Small Claims Division of the Dayton Municipal Court. In his proffered complaint, Ealy alleged that the defendants used 'worn out parts' in the repair of his 1997 Chevrolet Suburban. Ealy alleged that Maynard Transmission twice repaired the vehicle, but the Suburban 'still will not get into gear.' Ealy stated that Maynard refuses to repair the vehicle or refund the money. He sought $3,000 in damages.
>
> In its judgment, the trial court noted that Ealy was required to seek leave to file a complaint due to his classification as a vexatious litigator. The court denied Ealy's motion to file his complaint against Foster and Maynard without explanation.
>
> R.C. 2323.52 provides, in part:
>
> 'A court of common pleas that entered an order under division (D)(1) of this section [prohibiting a vexatious litigator from instituting proceedings without leave of court] shall not grant a person found to be a vexatious litigator leave for the institution ** of *** legal proceedings in the *** municipal court *** unless the court of common pleas that entered that order is satisfied that the proceedings or application are not an abuse of process of the court in question and that there are reasonable grounds for the proceedings or application.'

5

> The trial court is not required to issue formal findings in denying leave to file a complaint nor must it conduct any sort of fact-finding process. *See Meyer v. Bristow*, 91 Ohio St.3d 3, 2000-Ohio-109, 740 N.E.2d 656. The trial court's denial of a vexatious litigator application for leave to file a complaint is not appealable. R.C. 2323.52(G).
>
> In light of R.C. 2323.52(G), Ealy's appeal from the trial court's denial of leave to file his complaint is not cognizable in this court.
>
> Parenthetically, we note that the Supreme Court of Ohio has held that R.C. 2323.52 is constitutional in its entirety....
>
> Ealy's appeal from the trial court's denial of his motion for leave to file a complaint is DISMISSED....

(Doc. #1, Decision attached)(brackets in the original).

The Ohio Court of Appeals' original decision affirming the Court of Common Pleas' decision that Ealy is a vexatious litigator under Ohio Rev. Code §2323.52 is a matter of public record. *See Ealy v. McLin*, 2007 2285086 (Ohio App. 2nd, Aug. 3, 2007).

### III. APPLICABLE STANDARDS

By enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992)(quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress authorized the federal courts to *sua sponte* dismiss an *in forma pauperis* Complaint if satisfied that the Complaint is frivolous or malicious. *Denton*, 504 U.S. at 31; *see* 28 U.S.C. §1915(e)(2)(B)(I).

6

Viewing an *in forma pauperis* Complaint through lens of §1915(e)(2)(B)(i), the Court asks whether the Complaint raises a claim with a rational or arguable basis in fact or law; if not, it is frivolous or malicious and subject to dismissal. *See Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). A Complaint has no arguable legal basis when, for example, the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or irrational or "wholly incredible." *See Denton,* 504 U.S. at 32; *see also Lawler,* 898 F.2d at 1199.

Congress has also authorized the *sua sponte* dismissal of a Complaint that fails to state a claim upon which relief may be granted. 28 U.S.C. §1915(e)(2)(B). The Court's preliminary review of Plaintiff's *pro se* Complaint assumes the truth of his allegations and construes them liberally in his favor. *See Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000); *see also Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995).

**IV.    DISCUSSION**

Ealy's Complaint does not raise delusional factual allegations against Defendant Foster but instead sets forth easily understandable allegations against Defendant Foster by asserting that he failed to properly repair Ealy's vehicle and later refused to refund the money Ealy had paid him to repair the vehicle. Ealy's Complaint also does not raise delusional factual allegations against the judicial Defendants because he describes easily understandable allegations concerning the judicial decision to declare him a vexatious

litigator in *Ealy v. McLin*, *supra*, §III, and the recognition and enforcement of his vexatious-litigator status in the judicial decisions underlying this case, *Ealy v. Foster*, *surpa*, §III. For these reasons, the Complaint may not be dismissed as lacking a rational or arguable basis in fact.

The stumbling blocks for Ealy in the present case concern whether his allegations raise a claim with an arguable basis in law and whether his factual allegations state a claim under 42 U.S.C. §1983. *See supra*, §III (and cases cited therein).

"To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Marvin v. City of Taylor*, 509 F.3d 234, 243 (6th 2007); *see Markva v. Haveman*, 317 F.3d 547, 552 (6th Cir. 2003).

Accepting Ealy's allegations as true and construing them liberally in his favor, his claims fail as a matter of law against Defendant Foster because the Complaint contains no indication that Foster acted under the color of state law. The allegations against Foster instead indicate that he is a private citizen engaged in the car transmission repair business. Ealy's Complaint therefore lacks any arguable basis in law under §1983 and fails to state a §1983 claim against Foster. *See Waters v. City of Morristown, Tenn.*, 242 F.3d 353, 359 (6th Cir. 2001).

Ealy's claims of race discrimination and violations of his rights under the First and Fourteenth Amendments fail as a matter of law against Common Pleas Court Judge

8

Kessler, and Court of Appeals Judges Donovan, Grady, and Glasser. This is so because the doctrine of absolute judicial immunity bars these claims.

"For centuries, the cloak of absolute judicial immunity has shielded judges from claims pertaining to actions they have taken in discharging their official duties." *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997). "The modern justification for the grant of immunity is to preserve the independence of the judiciary by allowing judges to rule without fear of recourse. Immunity protects 'judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants." *Barrett*, 130 F.3d at 254 (quoting, in part, *Forrester v. White*, 484 U.S. 219, 225 (1988)).

Absolute immunity is triggered when judges engage in "paradigmatic judicial acts, or acts of actual adjudication, *i.e.*, acts involved in resolving disputes between parties who have invoked the jurisdiction of the court." *Barrett*, 130 F.3d at 254. Absolute immunity protects judges unless they engage in non-judicial acts or act in the clear absence of all jurisdiction. *King v. Love*, 766 F.2d 962, 965 (6th Cir. 1985). Absent either of these exceptions, absolute immunity applies even if judges "act erroneously, corruptly or in excess of jurisdiction." *Id*.

Ealy's federal constitutional claims are based on the assertion that the judicial Defendants discriminated against him based on his race when characterizing him as a vexatious litigator and then using that discriminatory and erroneous declaration to decline his Motion for Leave to File a Complaint against Foster. In this manner, Ealy's claims against the judicial Defendants concern thier judicial decisions, which constitute

9

paradigmatic judicial acts.  Consequently, absolute immunity bars Ealy's claims against the judicial Defendants.  *See Barrett*, 130 F.3d at 254-55; *see also King*, 766 F.2d at 965-66.

Lastly, although Ealy claims that defendants have discriminated against him on the basis of his race and have violated his right of access to the courts and his right to free speech under the First and Fourteenth Amendments, these claims are based on the determination by the judicial defendants that he is a vexatious litigator and their decision to enforce that determination against Ealy.  The decisions of the Ohio Court of Appeals attached to the Complaint contain no indication that Ealy's race played any role in the decision that he is a vexatious litigator under Ohio law or in the decision to deny him leave to file a Complaint against Foster.  *See Ealy v. Foster*, *supra*, §III (and attached to Doc. #1).  Similarly, the original judicial decision declaring Ealy to be a vexatious litigator in state court was based on his history of filing frivolous cases and cases which he failed to prosecute.  *See Ealy v. McLin*, 2007 WL 2285086.  Nothing in those state-court decisions, and nothing in Ealy's Complaint or attached documents, raises his conclusory federal constitutional claims above the non-speculative, plausible level necessary to support a claim for relief under §1983.  *See Bassett v. National Collegiate Athletic Ass'n.*, 528 F.3d 426, 430 (6th Cir. 2008)("Factual allegations contained in a complaint must 'raise a right to relief above the speculative level.' ... *Twombly* does not 'require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.'")(quoting in part *Bell Atl. Corp. v. Twombly*, __U.S.__ ,

127 S.Ct. 1955 (2007)). Plaintiffs' Complaint therefore fails to state a violation of his federal constitutional rights.

Accordingly, for all the above reasons, Ealy's Complaint must be dismissed *sua sponte* under 28 U.S.C. §1915(d)(2)(B).

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff Larry E. Ealy's Complaint (Doc. #1) be DISMISSED;

2. The Court certify pursuant to 28 U.S.C. §1915(a) that for the foregoing reasons an appeal of an Order adopting this Report and Recommendations would not be taken in good faith, and consequently, leave for Plaintiff to appeal *in forma pauperis* should be denied. If so certified, Plaintiff – a non-prisoner – would remain free to apply to proceed *in forma pauperis* in the United States Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999); and,

3. The case be terminated on the docket of the Court.

July 11, 2008

              s/ Sharon L. Ovington
                Sharon L. Ovington
             United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).